IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION |
| v. | NO. 15-376-11 |
| JIMMIE YOUNG, | |

Pappert, J.                                                                                          May 29, 2024

**MEMORANDUM**

In 2016, a federal grand jury returned a superseding indictment charging Jimmie Young with one count of conspiracy to distribute drugs, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  In June 2018, he pled guilty to both counts pursuant to a written guilty plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The Court sentenced him, consistent with the parties' agreement, in April 2019.

Young now moves to reduce that sentence under 18 U.S.C. § 3582(c)(2).  The Court denies the motion because Young is not entitled to the relief he seeks.

I

Young's presentence report placed his total offense level at 33.  He had two prior convictions for which he received five criminal history points.  He also received two additional points for these offenses, knows as "status points" pursuant to Section 4D1.1(d) of the Sentencing Guidelines, leading to a total criminal history score of seven, putting him in criminal history category IV.  The resulting advisory sentencing guideline range was 188 to 235 months incarceration.  The Court nonetheless adopted the parties' recommendation, varied downward, and sentenced Young to 150 months.

1

18 U.S.C. § 3582(c)(2) provides that the Court:

> may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the Court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). At the time of Young's sentencing, the Sentencing Guidelines added two criminal history points to a defendant's criminal history score if the defendant committed the present offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines Manual § 4A1.1(d) (2015) (amended 2023) ("U.S.S.G").

The Sentencing Commission amended this provision, which amendment became effective on November 1, 2023. It now reads: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (2023). When the guidelines range applicable to a defendant is lowered by an amendment to the Sentencing Guidelines while the defendant is serving a term of imprisonment, the Court "may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." *Id.* § 1B1.10(a)(1).

The Court conducts a two-step inquiry when deciding a sentence reduction under 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826 (2010). The Court must first establish "'the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of initial

2

sentencing." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1) (2015)). Second, the Court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* Such sentence reduction proceedings under the statute "are not wholesale resentencings[,]" *United States v. Berberena*, 694 F.3d 514, 522 (3d Cir. 2012) (citing *Dillon*, 560 U.S. at 831), and "Congress intended to authorize only a limited adjustment to an otherwise final sentence within the narrow bounds established by the Commission[.]" *Id.* (cleaned up) (quoting *Dillon*, 560 U.S. at 826, 831).

II

The Sentencing Guidelines state that "[a] reduction in the defendant's term of imprisonment is not consistent with" Section 1B1.10(a)(1) if "[a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).  And the Court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id.* § 1B1.10(b)(2)(A), though the Court could do so, for instance, when the government files a motion reflecting the defendant's substantial assistance to authorities. *Id.* § 1B1.10(b)(2)(B). The Application Notes describe the applicable guideline range as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.* § 1B1.10(a) cmt. A.

3

Under the amended Guidelines, Young would no longer receive additional status points because he did not have the threshold seven points needed to trigger them. Without the status points, Young's criminal history score is five, which places him in criminal history category III. *See id*. ch. 5, pt. A.  Paired with an offense level of 33, Young' revised advisory sentencing guideline range is 168-210 months imprisonment. *Id*. Since the Court sentenced Young to 150 months, it cannot reduce his sentence "to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id*. § 1B1.10(b)(2)(A).  No exception, such as the government's motion for substantial assistance, exists here.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.